UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SETH TAYLOR,<br>    No. 331874, | ) <br> ) <br> ) | |
|     Plaintiff, | ) <br> ) | No. 3:16-cv-03257 <br> Chief Judge Sharp |
| v. | ) <br> ) | |
| DAVIDSON COUNTY SHERIFF'S OFFICE,<br>    *et al.*, | ) <br> ) <br> ) | |
|     Defendants. | ) | |

**M E M O R A N D U M**

Plaintiff Seth Taylor, a pre-trial detainee currently in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, has filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Davidson County Sheriff's Office, Dwayne Butler, James Lemaster, Jacob Steen, Jacob Voyles, and Jonathan Rodgers, alleging violations of the plaintiff's federal civil rights. (Docket No. 1). The plaintiff seeks an unspecified amount of compensatory damages and damages for his pain and suffering. (*Id.* at p. 6).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.     PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary

dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

The plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights,

privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### III. Alleged Facts

The complaint alleges that, on July 21, 2016, while in the custody of the Davidson County Sheriff's Office, the plaintiff fell off his bunk bed and suffered an injury to his back. (Docket No. 1 at p. 5). According to the complaint, "[i]f medical staff hadn't been negligent of my needs, injury could have been avoided." (*Id.*)

The complaint further alleges that, on August 25, 2016, the plaintiff was "physically attacked" by Dwayne Butler, James Lemaster, Jacob Steen, Jacob Voyles, and Jonathan Rodgers. Specifically, the complaint alleges that these defendants maced, restrained, and choked the plaintiff until he was unconscious. According to the complaint, the defendants' use of excessive force was "without reasonable cause." (*Id.*) The complaint alleges that the plaintiff sustained injuries to his back, hand, and wrist as a result of the defendants' use of excessive force. (*Id.*)

### IV. Analysis

First, the complaint names the Davidson County Sheriff's Office as a defendant to this action. However, the Davidson County Sheriff's Office is not a suable entity under § 1983. *See Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.")(collecting cases)). Thus, the plaintiff's claims against the Davidson County Sheriff's Office

3

must be dismissed.

Giving this *pro se* complaint a liberal construction, the court could construe the plaintiff's complaint as an attempt to state claims against Davidson County, Tennessee. However, while Davidson County is a suable entity, it is responsible under § 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (internal citations and quotation marks omitted). Under § 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the city's official policy or custom. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir.2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *Regets v. City of Plymouth*, 568 Fed. Appx. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

The inadequacy of police training only serves as a basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. *Slusher*, 540 F.3d at 457. To establish deliberate indifference, the plaintiff may show prior instances of unconstitutional conduct demonstrating that the governmental entity has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury. *Id.*; *see also Gregory v. City of Louisville*, 444 F.3d 725, 752-53 (6th Cir.

2006). In the alternative, where the constitutional violation was not alleged to be part of a pattern of past misconduct, a supervisory official or a municipality may be held liable only where there is essentially a complete failure to train the police force or training that is so reckless or grossly negligent that future police misconduct is almost inevitable or would properly be characterized as substantially certain to result. *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir.1982).

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Davidson County under § 1983. The complaint does not identify or describe any of Davidson County's policies, procedures, practices, or customs relating to training; it does not identify any particular shortcomings in that training or how those shortcomings caused the alleged violations of the plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Davidson County on notice of a problem. *See Okolo v. Metropolitan Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metropolitan Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metropolitan Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Davidson County. Any such claim is subject to dismissal.

Next, the complaint alleges a claim pertaining to unspecified "negligence" by unnamed medical staff in the treatment of the plaintiff's back injuries sustained after he fell out of his bunk bed in July 2016. The Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual

punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984). To establish a violation of his Eighth Amendment rights resulting from the medical care provided or a denial of medical care, a plaintiff must show that prison officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994).

Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. *Estelle v. Gamble*, 429 U.S. at 105-06. Further, a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Finally, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and constitutionalize claims which sound in state tort law. *Berryman v. Rieger*, 150 F.3d 561, 565 (6th Cir. 1998)(citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Here, while the complaint alleges that the "medical staff" acted "negligent[ly]" to the plaintiff's medical needs, (Docket No. 1 at p. 5), the complaint acknowledges that the plaintiff received some examination and/or treatment after sustaining injuries on the date of the alleged incident. (*Id.*) The complaint does not explain what sort of additional medical treatment the plaintiff claims he should have received. The complaint is devoid of allegations that any defendant acted with deliberate indifference to the plaintiff's back injuries. As such, the complaint fails to state an Eighth Amendment claim based on the denial of medical treatment or the type of treatment received for the plaintiff's back injuries sustained on July 21, 2016.

Finally, the complaint alleges claims of excessive force against defendants Butler, Lemaster, Steen, Voyles, and Rodgers. Although it is unclear from the complaint, it appears that these defendants are guards or corrections officers employed by the Davidson County Sheriff's Office.

The plaintiff alleges that, at the time of the alleged events, he was a a pre-trial detainee. The legal status of a purported victim of excessive force is significant because the conduct of the offending officers must be analyzed under the standard appropriate to the applicable constitutional provision. *See Coley v. Lucas County, Ohio,* ___ F.3d ___, ___, 2015 WL 4978463, at *4 (6th Cir. 2015)("The Supreme Court has recently clarified . . . that when assessing pretrial detainees excessive force claims we must inquire into whether the plaintiff shows 'that the force purposefully or knowingly used against him was objectively unreasonable.'")(quoting *Kingsley v. Hendrickson*, ___ U.S. ___, ___ 135 S. Ct. at 2473 (2015)).

The Supreme Court has recently clarified that when assessing pretrial detainees' excessive force claims we must inquire into whether the plaintiff shows "that the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2473 (2015)). The inquiry is highly fact-dependent, and must take into account the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* It should also account for "the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,'" *id.*, and defer when appropriate to "'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)). The Court further instructs:

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to

7

> limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* This list is not exclusive. *Kingsley* also reaffirms that pretrial detainees cannot be subjected to "the use of excessive force that amounts to punishment," *id.* (quoting *Graham*, 490 U.S. at 395 n. 10, 109 S. Ct. 1865) precisely because they "cannot be punished at all," *id*. at 2475.

In light of this Fourteenth Amendment standard and the facts alleged in the complaint, plaintiff Taylor's excessive force claims against defendants Butler, Lemaster, Steen, Voyles, and Rodgers in their individual capacities will proceed. <u>This is a preliminary finding only</u>. The court merely determines that the allegations of the complaint survive the required PLRA's screening as to these claims and defendants, and further factual development is warranted out of an abundance of caution.

### V.     Conclusion

As set forth above, the court finds that the complaint states colorable excessive force claims pursuant to § 1983 against defendants Butler, Lemaster, Steen, Voyles, and Rodges in their individual capacities. 28 U.S.C. § 1915A. These claims survive the required PLRA screening. However, the plaintiff's claims as to all defendants that he received negligent medical care for his injuries sustained on July 21, 2016, will be dismissed, having failed to survive the PLRA screening. Likewise, the plaintiff's claims against the Davidson County Sheriff's Office fail to state claims upon which relief can be granted, and those claims must be dismissed.

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief United States District Judge