UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SETH TAYLOR,

    Plaintiff,

v.

DAVIDSON COUNTY SHERIFF'S
OFFICE, et al.,

    Defendants.
_____/

No. 3:16-cv-03257
Honorable Linda V. Parker

# OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM ORDER

This civil rights action, brought pursuant to 42 U.S.C. § 1983, is presently before the Court on the remaining defendants' motion for relief from this Court's February 12, 2019 decision granting in part and denying in part their motion for summary judgment. (ECF No. 61.) The remaining defendants are the following Davidson County Sheriff's Office ("DCSO") employees: Lieutenant Dwayne Butler and Officers James LeMaster, Jacob Steen, and Jacob Voyles (hereafter collectively "Defendants").[1] Defendants cite Federal Rule of Civil Procedure

---

[1] Plaintiff also named the Davidson County Sheriff's Office ("DCSO") and DCSO Officer Jonathan Rodgers as defendants. Chief Judge Kevin Sharp dismissed the DCSO as a party on January 4, 2017. This Court granted summary judgment in Officer Rodgers' favor on February 12, 2019.

60(b) in support of their motion. Defendants' motion has been fully briefed.[2] (ECF Nos. 64, 73, 76.) For the reasons set forth below, the Court is denying the motion.

**Background**

Plaintiff initiated this action pro se on December 14, 2016, claiming that Defendants used excessive force against him on August 25, 2016, while he was a detainee in DCSO custody. On January 4, 2017, Chief Judge Kevin Sharp referred the action to Magistrate Judge Joe B. Brown for all pretrial proceedings including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). Defendants thereafter filed a motion for summary judgment. (ECF Nos. 34, 35.)

In their motion, Defendants first argued that Plaintiff's Complaint should be dismissed because he failed to exhaust his administrative remedies prior to filing suit as required under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Alternatively, Defendants argued that Plaintiff's excessive force claim

---

[2] Counsel was appointed to represent Plaintiff on March 19, 2019. (ECF No. 66.) Prior to that date, Plaintiff filed a response to Defendants' Rule 60(b) motion. (ECF No. 64.) This Court thereafter entered an order to inform the parties that it would allow Plaintiff's counsel to also file a response on Plaintiff's behalf. (ECF No. 66.) Counsel filed a response on April 2, 2019. (ECF No. 73.)

2

fails on its merits. In support of their exhaustion argument, Defendants submitted a declaration from Tom Davis, DCSO's Records Manager. (ECF No. 37.) In his declaration, Mr. Davis stated that he has access to and is the custodian of the grievance records maintained by the DCSO, including grievance appeals, and had reviewed all of the inmate grievances for Plaintiff, as well as Plaintiff's inmate file in general. (*Id.* ¶¶ 4, 5.) Mr. Davis further stated:

> Mr. Taylor did file a grievance regarding the incident that is the subject of his Complaint. The grievance was found unsustained. Mr. Taylor never appealed the results of this grievance. DCSO policy provides for the appeal of grievance decisions.

(*Id.* ¶ 6.) In response to Defendants' motion, Plaintiff asserted that he filed grievance forms after his initial grievance was ruled unsustained which should have been deemed appeals. (ECF No. 46.) He pointed out that DCSO uses the same form for initial grievances and appeals. (*Id.*)

On August 2, 2018, Magistrate Judge Brown issued a report and recommendation ("R&R") recommending that the Court grant Defendants' motion on exhaustion grounds. (ECF No. 52.) Specifically, Magistrate Judge Brown found that while Plaintiff filed an initial grievance regarding the August 25, 2016 incident, he failed to file a proper appeal. (*Id.*) Concluding that it would be futile to dismiss the action without prejudice because the time to exhaust had expired,

3

Magistrate Judge Brown further recommended that Plaintiff's claims be dismissed with prejudice.

Plaintiff filed "objections" to the R&R on August 13, 2018. (ECF No. 53.) In his objections, Plaintiff asserted that he had attempted to exhaust the prison's administrative remedies but after he submitted his appeals they were returned as "duplicates." (*Id.*) In fact, the "Davidson County Sheriff's Office Inmate Grievance Form" warns inmates that grievances repeating complaints already made will be returned as duplicates. (ECF No. 46.)

After reviewing the record, this Court issued an order on September 6, 2018, directing Defendants to "file copies of the grievances *Plaintiff filed* in relation to the relevant incident." (ECF No. 54, emphasis added.) The Court stated in its order: "Defendants have not filed copies of Plaintiff's grievances on the docket. The Court wishes to review them." (*Id.*) Defendants responded to the Court's order on September 10, 2018, by filing two Inmate Grievance Reports, which are computer entries reflecting two grievances filed by Plaintiff in relation to the August 25, 2016 incident and the facility's responses to those grievances.[3] (ECF No. 55 Exs. 1, 2.)

---

[3] In one grievance, Plaintiff claimed that the officers used excessive force against him on August 25, 2016. In the second grievance, Plaintiff claimed that prison

On February 12, 2019, the Court issued an opinion and order granting in part and denying in part Defendants' summary judgment motion. (ECF No. 57.) As relevant to Defendants' pending Rule 60(b) motion, the Court held that Defendants failed to carry their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies. (*Id.*)

As stated in that decision, the Court surmised that Defendants did not have the original grievance forms submitted by Plaintiff as they had not presented them to the Court in response to its September 6, 2018 order. (*Id.* at 3.) The Court further indicated that it was not apparent from Mr. Davis' declaration that he had reviewed the original grievances filed by Plaintiff as opposed to the reports summarizing those grievances that an unidentified official elected to record. (*Id.* at 9.) "As such," the Court concluded that Mr. Davis "lacks first-hand knowledge of whether the forms submitted after [Plaintiff's] initial grievance were in fact 'duplicates' and properly not entered into DCSO's electronic record." (*Id.*) The Court explained that it "could reasonably disagree with DCSO's determination that Plaintiff's submissions were duplicates." (*Id.* at 9-10.) The Court further explained that it "has a duty to confirm whether officials are accurately assessing

---

medical staff had been deliberately indifferent to the injuries he suffered during the incident.

5

an inmate's compliance with prison requirements or—as Plaintiff's argue[d]—'making it nearly impossible to bypass the exhaustion of the grievance procedure.'" (*Id.*, quoting ECF No. 53 at 2.)

As stated earlier, Defendants filed a motion for relief from the Court's decision on February 22, 2019. (ECF No. 61.) Now attached to Defendants' motion are the grievance forms Plaintiff submitted in connection with the August 25, 2016 incident, as well as every grievance Plaintiff filed during his various periods of incarceration at DCSO facilities. (*Id.* Ex. A.) Defendants assert that their counsel did not understand that this was what the Court had sought to review in its September 6, 2018 order. (ECF No. 61 at 2.) Defendants characterize this as a "mistaken interpretation" of the Court's order. Defendants contend that these grievances reflect that Plaintiff did not file an appeal to the denial of his initial grievance.

**Analysis**

Rule 60(b) of the Federal Rules of Civil Procedure provides the following grounds for relief from a final judgment, order, or proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

6

> (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Defendants reference subsections (1) and (6) in their motion. (*See* ECF No. 62 at 1.) Rule 60(b)(6) is applicable, however, "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991).

The Sixth Circuit "has stated that a Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an *excusable mistake* or an attorney has acted without authority, or (2) when the judge has made an excusable mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (emphasis added) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Defendants' asserted "mistake" here is not excusable. This Court clearly indicated what it wanted Defendants to file in its September 6, 2018 order.

Defendants attempt to justify their actions by arguing that they relied on Mr. Davis' declaration to support their summary judgment motion and that Plaintiff "never refuted that testimony." This Court respectfully disagrees. First, Plaintiff

contended that he did appeal the determination that his grievance was unsustained. Second, for the reasons explained in the summary judgment decision, the Court did not find that Defendants satisfied *their* burden of proving that Plaintiff failed to exhaust his administrative remedies. The Court simply could have denied summary judgment to Defendants on that basis. Instead, the Court issued—in defense counsel's words—its "novel order to produce additional evidence after summary judgment had been fully briefed" to provide Defendants with a second opportunity to meet their burden of proof.

Moreover, Rule 60(b)(2) is more directly on point, as Defendants are offering new evidence to convince the Court to reach a different decision on the exhaustion issue. However, the rule only provides a basis for relief if the evidence is "newly discovered" and "with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Defendants seem to be suggesting in their reply brief that they could not have obtained Plaintiff's grievances earlier because they are individual correctional officers, not the custodians of those documents, and the governmental entity which is the custodian is not a defendant. (*See* ECF No. 76 at 1.) This argument is meritless, however. Defendants are not the custodians of the Inmate Grievance Reports, either. They could have obtained Plaintiff's hand-written grievances

through the same source and as easily as they obtained the previously submitted reports.

For these reasons, the Court concludes that Rule 60(b) does not afford Defendants relief from the decision to deny them summary judgment on exhaustion grounds. But even if the Court were to consider Defendants' newly submitted evidence, it would not find a different decision warranted.

The PLRA provides that a prisoner may not bring a federal lawsuit related to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion requires adherence to the institution's grievance policies, including any time limitations. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). The Sixth Circuit "requires an inmate to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether those 'efforts to exhaust were sufficient under the circumstances.'" *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (quoting *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 224 (6th Cir. 2011)).

As Plaintiff's now appointed counsel points out, the record does not reflect that Plaintiff ever received the facility's response to his timely filed grievance. (*See* ECF No. 55, Ex. 1.) The box next to "Inmate Notified?" is blank and the "Date" of inmate notification reads: "00/00/00[.]" (ECF No. 55 Ex. 1.) In a

9

declaration filed in response to Defendants' Rule 60(b) motion, Plaintiff indicates that DCSO's failure to respond to grievances was a common practice in that he regularly received no responses to the numerous grievances he filed while incarcerated. (ECF No. 75 ¶ 7.) DCSO's Inmate Grievance Policy requires an inmate to file an appeal only upon receipt of the response. (*See* ECF No. 37-1.) As the Sixth Circuit has stated: "It is well established that 'administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance.'" *Risher*, 639 F.3d at 240 (quoting *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004) (additional citations omitted).

For these reasons, Defendants do not demonstrate in their Rule 60(b) motion that a different disposition is warranted with respect to their assertion that Plaintiff failed to exhaust his administrative remedies.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Relief from Order Denying Summary Judgment to Defendants Dwayne Butler, Jacob Steen, Jacob Voyles, and James LeMaster (ECF No. 61) is **DENIED**.

s/Linda V. Parker
LINDA V. PARKER
UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION

Dated: May 7, 2019